1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   EDWARD ROTH,                         No. 2:16-CV-1107-JAM-CMK-P

12            Petitioner,

13       vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14   RONALD RACKLEY,

15            Respondent.

16   _____/

17            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to

19   dismiss (Doc. 10).

20

21                            **I.  BACKGROUND**

22            Petitioner was convicted in January 2011 of gross vehicular manslaughter and

23   assault with a deadly weapon with an enhancement for inflicting great bodily injury, and was

24   sentenced to 14 years in prison.  Petitioner did not appeal.  On May 26, 2015, petitioner filed a

25   petition for a writ of habeas corpus in the California Superior Court alleging that the limitation

26   on the ability to earn good-time credits pursuant to California Penal Code § 2933.1 was being

                                        1

1 improperly applied to his sentence. The Superior Court denied the petition in a decision issued

2 on July 28, 2015. In that decision, the court concluded that, as a matter of state law, § 2933.1

3 appropriately applied to his entire sentence. The California Court of Appeal and California

4 Supreme Court both summarily denied petitioner's claim. Petitioner filed his federal petition on

5 May 23, 2016.

6

7 **II. DISCUSSION**

8 Respondent argues that petitioner's federal petition is untimely, that the sole claim

9 raised in the petition is unexhausted, and that the claim is not cognizable.

10 **A.     Timeliness**

11 Federal habeas corpus petitions must be filed within one year from the later of:

12 (1) the date the state court judgment became final; (2) the date on which an impediment to filing

13 created by state action is removed; (3) the date on which a constitutional right is newly-

14 recognized and made retroactive on collateral review; or (4) the date on which the factual

15 predicate of the claim could have been discovered through the exercise of due diligence. See 28

16 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court

17 judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

18 review. See 28 U.S.C. § 2244(d)(1).

19 Because petitioner did not file a direct appeal, the judgment became final 60 days

20 after sentencing. See Cal. Rule of Court 31(d). Petitioner was sentenced on January 7, 2011.

21 Thus, the judgment became final on March 8, 2011. Respondent argues that the one-year

22 limitations period began running the next day and expired on March 10, 2012. According to

23 respondent, the instant federal petition – filed more than four years later in May 2016 – is

24 untimely.

25 / / /

26 / / /

2

1           Petitioner contends that the limitations period did not begin running until April 3,

2  2015.  Specifically, petitioner claims that he "noted a discrepancy as to how the Department of

3  Corrections and Rehabilitations (CDC&R) was calculating his earning of credits. . ." on March

4  25, 2015.  Next, petitioner states that he received a memorandum on April 3, 2015, from the

5  Correctional Case Record Analyst informing petitioner that his credits here being properly

6  calculated.  Petitioner argues that he could not have known the factual predicate of his claim until

7  he received the April 3, 2015, memorandum.

8           Petitioner's argument is unpersuasive.  As respondent notes, § 2933.1 was the law

9  in California when petitioner was sentenced.  Had petitioner exercised due diligence, he would

10  have known the factual predicate of his claim at the time he was sentenced.  The court concludes

11  that the one-year limitations period began to run in March 2011 and expired in March 2012 and

12  the instant federal petition – filed more than four years later – is untimely.

13    **B.**      **Exhaustion**

14           Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required

15  before claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy,

16  455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v.

17  Pliler, 336 F.3d 839 (9th Cir. 2003).  Claims may be denied on the merits notwithstanding lack of

18  exhaustion.  See 28 U.S.C. § 2254(b)(2).  "A petitioner may satisfy the exhaustion requirement

19  in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of

20  the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal

21  court no state remedies are available to the petitioner and the petitioner has not deliberately

22  by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations

23  omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to

24  give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard

25  v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

26  / / /

1    Regardless of whether the claim was raised on direct appeal or in a post-
2 conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the
3 state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion
4 doctrine requires only the presentation of each federal claim to the highest state court, the claims
5 must be presented in a posture that is acceptable under state procedural rules. See Sweet v.
6 Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is
7 denied by the state courts on procedural grounds, where other state remedies are still available,
8 does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488
9 (1979); Sweet, 640 F.2d at 237-89.

10    In addition to presenting the claim to the state court in a procedurally acceptable
11 manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the
12 state court by including reference to a specific federal constitutional guarantee. See Gray v.
13 Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th
14 Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is
15 self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d
16 904 (9th Cir. 2001).

17    A review of the petition filed in the California Supreme Court reflects a reference
18 to "Fourteenth Amendment, U.S. Const." and a reference to "the Due Process Clause (Fourteenth
19 Amendment, U.S. Const.)." The court finds these references minimally sufficient to have
20 exhausted petitioner's claim by invoking the specific federal constitutional guarantee of fairness
21 embodied in the Due Process Clause of the Fourteenth Amendment.

22    **C.    Cognizability**

23    A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a
24 transgression of federal law binding on the state courts. See Middleton v. Cupp, 768 F.2d 1083,
25 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is not
26 available for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at

1 | 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786

2 | F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.

3 | See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

4 | However, a "claim of error based upon a right not specifically guaranteed by the

5 | Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so

6 | infects the entire trial that the resulting conviction violates the defendant's right to due process."

7 | Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th

8 | Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941).  In order to raise such a

9 | claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete

10 | miscarriage of justice."  Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396

11 | F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

12 | The court agrees with respondent that petitioner's claim is not cognizable.

13 | Petitioner's claim is based entirely on an alleged misapplication of state law, specifically

14 | § 2933.1.  While the court finds that petitioner exhausted his claim by reference to the Due

15 | Process Clause of the Fourteenth Amendment, the court also finds that the due process aspect of

16 | petitioner's claim cannot rise to the level of infecting the entire trial so as to render the

17 | conviction fundamentally unfair because petitioner's claim relates only to the execution of his

18 | sentence, not the underlying trial.  Nothing in petitioner's claim suggests that his trial was unfair,

19 | that his conviction was unfair, or even that his sentence was unfair.

20 | / / /

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

## III. CONCLUSION

The court finds that petitioner's federal petition is untimely and that the claim raised therein is not cognizable. Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2017

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE